NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2012
Decided December 10, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2138

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:11-CR-30129-001-DRH |
| LARON WREN, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Laron Wren was en route to St. Clair County, Illinois, when his car was pulled over and his passenger was found in possession of more than 500 grams of cocaine. Wren pleaded guilty without benefit of a plea agreement to conspiring to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to the 120-month mandatory minimum. See 21 U.S.C. § 841(b)(1)(B). Wren filed a notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Wren has not filed a response. See CIR. R. 51(b). We confine our review to the potential issues

identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel does not discuss the validity of Wren's guilty plea or whether she asked Wren if he wants to challenge the validity of his plea. See *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Our review of the record, however, convinces us that such a challenge would be frivolous. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The district court conducted a thorough Rule 11 colloquy, with the exception of two minor omissions that could not have affected his substantial rights. The court failed to inform Wren of his right to plead not guilty and his right to an attorney, see FED. R. CRIM. P. 11(b)(1)(B), (D), but neither error affected Wren's substantial rights because Wren was made aware of those rights by initially pleading not guilty and having an appointed attorney throughout the case, see *Knox*, 287 F.3d at 670; *United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988).

Counsel does consider challenging the applicable mandatory minimum based on the district court's failure to ask Wren whether he admitted having a prior conviction for another felony drug offense—a conviction that doubled the mandatory minimum from 60 to 120 months. See 21 U.S.C. §§ 841(b)(1)(B), 851. Before increasing Wren's mandatory minimum, the court was required by § 851(b) to ask him whether he admitted or denied his prior conviction. See *United States v. Williams*, 298 F.3d 688, 692–93 (7th Cir. 2002). But any omission of this inquiry was harmless because Wren had notice that the prior conviction supported an increased mandatory minimum sentence, had the opportunity to object, and failed to submit a written objection as required. 21 U.S.C. § 851(c); *Williams*, 298 F.3d at 693.

Counsel also considers arguing that the district court erred by finding that Wren made seven cocaine runs rather than six, and as a result attributed too much cocaine to Wren for the purposes of calculating a base offense level. But as counsel explains, the district court relied on the drug-quantity calculations in the presentence report, the calculations were amply supported, and Wren failed to present evidence showing that the calculations were unreliable. See *United States v. Davis*, 682 F.3d 596, 613 (7th Cir. 2012); *United States v. Duncan*, 639 F.3d 764, 768 (7th Cir. 2011). Moreover, even if Wren's base offense level were lower, he would remain subject to a mandatory minimum sentence of 120 months' imprisonment. See 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5G1.1(b).

The motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.